UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

LOUIS V. TELERICO,

    *Plaintiff*,

    *v*.

THE BANK OF NEW YORK
MELLON TRUST COMPANY, N.A.,

    *Defendant*.

_____/

CASE NO. 15-cv-14155

DISTRICT JUDGE THOMAS L. LUDINGTON
MAGISTRATE JUDGE PATRICIA T. MORRIS

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON MOTION TO DISMISS (Doc. 2)

**I.    RECOMMENDATION**

For the reasons set forth below, **IT IS RECOMMENDED** that Defendant's motion to dismiss (Doc. 2) be **GRANTED**, and Plaintiff's complaint (Doc. 1) be **DISMISSED WITH PREJDUICE**.

**II.    REPORT**

    **A.    Introduction**

This action arises out of the foreclosure of a piece of real property located at 113 Brad North Chris Drive, Lake Township, Michigan ("Property"). (Doc. 2 Ex. 4). In 2004 Terri Roeder ("Roeder") and Louis Telerico ("Telerico") executed a promissory note and mortgage in favor of the Mortgage Electronic Registration System, as nominee for PGNF Lending Corporation. (*Id*.). In 2008, that mortgage was assigned to Bank of New York Company. (*Id*.). That company later merged with another corporation to form the Bank of

New York Mellon Trust Company, N.A. ("BNYM" or "Defendant"), which took over ownership of Roeder's mortgage. (*Id.*). Plaintiff defaulted on her loan to BNYM in 2011; BNYM foreclosed on the property by advertisement on March 30, 2012. (*Id.*). BNYM won the auction, purchasing the Property outright. The statutory redemption period expired on October 1, 2012, and Plaintiff made no effort to redeem or stay the redemption period. (*Id.*).

On October 1, 2012, Roeder filed suit against BNYM in the Roscommon County Circuit Court in the State of Michigan ("Prior Suit"), seeking that the foreclosure be set aside; challenging BNYM's possession of the Property under Michigan's quiet title statute, MCL 600.2932; slander of title statute, MCL 565.108; alleging a violation of MCL 600.2558(5) by the Roscommon Board of Commissioners; and seeking a declaratory judgment under MCR Rule 2.705. (Doc. 2 Ex. 1). On January 17, 2014, an order granting BNYM's motion for summary disposition was granted, terminating Roeder's action. (Doc. 2 Ex. 2). A motion for reconsideration was denied on June 30, 2014. (Doc. 2 Ex. 3). Roeder appealed to the Michigan Court of Appeals, which affirmed the circuit court on the ground that Roeder lost all interest in the Property, and thus lost her right to challenge the foreclosure, when she failed to redeem on October 1, 2012. (Doc. 2 Ex. 4).

On November 13, 2015, Telerico, as assignee of Roeder ("Plaintiff"), filed the instant complaint in the Roscommon County Circuit Court in the State of Michigan. (Doc. 1 Ex. 1). Whereas Roeder's earlier action challenged BNYM's right to the Property itself, the instant suit challenges BNYM's treatment of the personal property, including

2

everything from an antique wagon to an outhouse, located on the Property. (Doc. 1 Ex. A). Plaintiff alleges that BNYM engaged in conversion and unjust enrichment, violated Michigan's Lost Property Act, MCL 434.21 *et seq*, and alleges a loss of $179,237.23 in personal property. (*Id*. at 1-4). Under MCL 600.2919a, Plaintiff also seeks treble damages, for a total loss of $537,711.69, exclusive of costs and fees. (*Id*. at 4).

On November 25, 2015, BNYM removed Plaintiff's complaint to this Court on the basis of diversity jurisdiction. (Doc. 1). This Court has jurisdiction pursuant to 28 U.S.C. § 1332. On December 4, 2015, BNYM moved to dismiss Plaintiff's complaint under Fed. R. Civ. P. 12(b)(1) and 12(b)(6). (Doc. 2). On December 8, 2015, District Judge Ludington referred this matter to the undersigned for all pretrial purposes. (Doc. 3). Plaintiff filed a response to BNYM's motion to dismiss (Doc. 7), and BNYM replied (Doc. 8). BNYM's motion is now ready for report and recommendation without oral argument pursuant to Local Rule 7.1(f)(2) of the Eastern District of Michigan.

    **B.**    **<u>Motion to Dismiss Standards</u>**

A motion to dismiss brought under Rule 12(b)(1) challenges the court's subject matter jurisdiction to hear the case. Where a defendant makes a facial attack on the subject matter jurisdiction alleged in a complaint, "a trial court takes the allegations in the complaint as true, which is a similar safeguard employed under 12(b)(6) motions to dismiss." *Ohio Nat. Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir.1990). This is in contrast to a factual attack on subject matter jurisdiction, wherein the "district court must therefore weigh the conflicting evidence to arrive at the factual predicate that subject matter jurisdiction exists or does not exist." *Id*.

A motion to dismiss under Rule 12(b)(6) challenges the legal sufficiency of the complaint with regard to whether it states a claim upon which relief can be granted. When deciding a motion under this subsection, "[t]he court must construe the complaint in the light most favorable to the plaintiff, accept all the factual allegations as true, and determine whether the plaintiff can prove a set of facts in support of its claims that would entitle it to relief." *Bovee v. Coopers & Lybrand C.P.A.*, 272 F.3d 356, 360 (6th Cir. 2001). As the Supreme Court held in *Bell Atlantic Corp. v. Twombly*, a complaint must be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted if the complaint does not plead "enough facts to state a claim to relief that is plausible on its face." 550 U.S. 544, 570 (2007) (rejecting the traditional Rule 12(b)(6) standard set forth in *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957)). Under Rule 12(b)(6), "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations omitted). Even though a complaint need not contain "detailed" factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. (citations omitted).

The Supreme Court has explained that the "tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (finding assertions that one defendant was the "principal architect" and another defendant was "instrumental" in adopting and executing a policy of invidious discrimination insufficient to survive a motion to dismiss because

4

they were "conclusory" and thus not entitled to the presumption of truth). Although Rule 8 "marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era," it "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id*. "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679. Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth . . . . When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*.

"In determining whether to grant a Rule 12(b)(6) motion, the court primarily considers the allegations in the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint, also may be taken into account." *Nieman v. NLO, Inc.*, 108 F.3d 1546, 1554 (6th Cir. 1997) (quoting 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1357 (2d ed. 1990)). This circuit has further "held that 'documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claim.'" *Weiner v. Klais & Co.*, 108 F.3d 86, 89 (6th Cir. 1997) (quoting *Venture Assoc. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)); *Yeary v. Goodwill Industries–Knoxville, Inc.*, 107 F.3d 443, 445 (6th Cir. 1997) (finding that the consideration of other materials that "simply filled in the contours and details of the plaintiff's [second amended] complaint,

5

and added nothing new" did not convert motion to dismiss into motion for summary judgment).

### C. Analysis

BNYM argues in its motion to dismiss that Plaintiff's claims should be dismissed on the following grounds: i) Plaintiff's claims are barred by res judicata; ii) Plaintiff has failed to state a claim upon which relief can be granted; iii) Plaintiff's claims are barred by the equitable doctrine of laches. (Doc. 2 at 4-14).

The doctrine of res judicata bars the relitigation of issues fact or law already determined in a prior proceeding against the same defendants. *Young v. Township of Green Oak*, 471 F.3d 674 (6th Cir. 2006). "Federal courts must give the same preclusive effect to a state-court judgment as that judgment receives in the rendering state." *Abbott v. Michigan*, 474 F.3d 324, 330 (6th Cir. 2007) (citing 28 U.S.C. § 1738). Michigan employs a "broad view of res judicata." *Buck v. Thomas M. Cooley Law Sch.*, 597 F.3d 812, 817 (6th Cir. 2010) (quoting *In re MCI Telecommunications Complaint*, 460 Mich. 396, 431, 596 N.W.2d 164, 183 (1999)).

Michigan law "bars a second, subsequent action when (1) the prior action was decided on the merits, (2) both actions involve the same parties or their privies, and (3) the matter in the second case was, or could have been, resolved in the first." *Abbott*, 474 F.3d at 331. "Res judicata bars not only claims already litigated, but also every claim arising from the same transaction that the parties, exercising reasonable diligence, could have raised but did not." *Buck*, 597 F.3d at 817. "Whether a factual grouping constitutes a transaction for purposes of res judicata is to be determined pragmatically, by considering

whether the facts are related in time, space, origin or motivation, and whether they form a convenient trial unit." *Id*. (quoting *Adair*, 470 Mich. at 125, 680 N.W.2d at 398) (emphasis and brackets removed). The Sixth Circuit has recently found that where "the facts underlying each complaint are related in time, space, origin, and motivation," and where "the facts all relate" to the same causative event, "they would form a convenient trial unit." *United States v. Chrysler Grp., LLC*, 571 F. App'x 366, 371-72 (6th Cir. 2014). Courts have also found that claims form a convenient trial unit where "there is a sufficient overlap of relevant facts and legal issues to warrant a finding that the claim in the instant action should have been brought in the previous action." *Ayoub v. Unum Life Ins. Co. of Am.*, No. 07-CV-13158, 2007 WL 2875164, at *6 (E.D. Mich. Sept. 28, 2007).

In this case, it is clear that res judicata applies to Plaintiff's claims. Plaintiff does not dispute that the prior action was decided on the merits, and involved the same parties or their privies. (Doc. 7 at 6). Rather, Plaintiff only "takes issue with the third element," and argues that the issues at bar could not have been resolved in the Prior Suit. (*Id*.). The Court will thus limit its analysis to this the application of this third criterion.

Plaintiff asserts that "[t]he statutory and regulatory requirements (or lack thereof) complained of in the mortgage foreclosure . . . case are completely different from [this case]." (Doc. 7 at 6). Plaintiff notes that the prior action involved questions of standing, redemption, irregularity of the foreclosure process, and a motivation to retain real property, but that those issues do not arise in this case. (*Id*.). Plaintiff's assertions are correct, but insufficient to preclude the application of res judicata. The Prior Suit, like the instant action, grew out of BNYM's foreclosure of the Property. Plaintiff's motivation is

similar in both cases: to prevent BNYM from taking possession of Plaintiff's property, whether personal or real. The actions are also similar in time: Plaintiff alleges that BNYM locked him out of the Property before the expiration of the redemption period (Doc. 7 at 5), thus Plaintiff was dispossessed of both his personal and real property at the time he filed suit on October 1, 2012.

Plaintiff's real property and personal property claims thus could and should have been raised in the Prior Suit. The resolution of the Prior Suit in BNYM's favor clearly had a negative impact on Plaintiff's ability to recover his personal property, given that Plaintiff has apparently been unable to recover the personal property to this day. Resolution of these intertwined matters would have readily met the definition of a convenient trial unit. In the prior suit, Plaintiff did not argue any potential claim that he did not abandon the Property. *See Thorne v. Bank of New York Mellon*, No. 13-14910, 2014 WL 645352, at *3 (E.D. Mich. Feb. 19, 2014) (holding that a mortgagor "relinquishe[s] his right to the personal property when he abandon[s] the home, le[aves] it for foreclosure, and d[oes] not redeem the property"); MCL 600.3241a (setting forth the manner in which property may be deemed abandoned, including the necessity of a personal inspection and posting a notice that the property is deemed abandoned). Unfortunately for Plaintiff, however, his failure to raise intertwined matters precludes him from attempting to do so now.

Plaintiff's current action for recovery of personal property is thus barred in total by res judicata. Plaintiff's attempt to characterize his action as one for conversion, unjust enrichment, claim and delivery, or lost property does not alter this outcome, because all

such arguments grow out of his claim to personal property located on the Property, and those claims could and should have been raised in the Prior Suit. (Docs. 1 Ex. A; 7). Having found that Plaintiff's action is barred by the doctrine of res judicata, the Court need not examine BNYM's other assignments of error.

Dismissal under Fed. R. Civ. P 12(b)(6) is appropriate where a complaint failure to state a claim because the claim is barred by the doctrine of res judicata. *See Fillinger v. Lerner Sampson & Rothfuss*, 624 F. App'x 338, 341 (6th Cir. 2015); *Thompson v. U.S., Small Bus. Admin.*, 8 Fed. Appx. 547, 549 (6th Cir. 2001); *see also Gale v. Charter Twp. of Filer Bd. of Trustees*, No. 1:15-CV-188, 2015 WL 6442279, at *6 n.2 (W.D. Mich. Oct. 23, 2015) (finding that res judicata is an affirmative defense rather than a bar to jurisdiction, and thus dismissal is proper under Fed. R. Civ. P. 12(b)(6) rather than 12(b)(1). Therefore, because Plaintiff could and should have raised the personal property claims he raises in this action in his Prior Suit, res judicata bars his claims, and his complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

### D. Conclusion

For the reasons above, I recommend **GRANTING** Defendant's motion to dismiss (Doc. 2), and **DISMISSING** Plaintiff's complaint (Doc. 1) **WITH PREJUDICE**.

### E. Review

Rule 72(b)(2) of the Federal Rules of Civil Procedure states that "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy."

9

Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 155; *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). According to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: April 1, 2016                              S/ PATRICIA T. MORRIS
                                                 Patricia T. Morris
                                                 United States Magistrate Judge

10

## **CERTIFICATION**

    I hereby certify that the foregoing document was electronically filed this date through the Court's CM/ECF system which delivers a copy to all counsel of record.

Date: April 1, 2016                                            By s/Kristen Krawczyk
                                                                                 Case Manager