UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

LOUIS V. TELERICO,

                Plaintiff,                        Case No. 15-cv-14155

v.                                            Honorable Thomas L. Ludington

THE BANK OF NEW YORK MELLON
TRUST COMPANY, N.A.,

                Defendant.

_____/

**ORDER OVERRULING PLAINTIFF'S OBJECTIONS, ADOPTING REPORT AND RECOMMENDATION, GRANTING MOTION TO DISMISS, DENYING MOTION TO AMEND, AND DISMISSING COMPLAINT WITH PREJUDICE**

On September 29, 2015, Plaintiff Louis Telerico filed a complaint against Defendant The Bank of New York Mellon Trust Company, N.A., ("BNY Mellon") in the Circuit Court for Roscommon County. ECF No. 1. Defendant removed the case to this Court on November 25, 2015. Id. On December 4, 2015, Defendant filed a motion to dismiss, claiming that the doctrine of res judicata barred Plaintiff's claims. ECF No. 2. The case was referred to Magistrate Judge Patricia T. Morris for consideration of all pretrial matters. On April 1, 2016, Judge Morris issued a Report recommending that Defendant's motion to dismiss be granted and that Plaintiff's complaint be dismissed with prejudice. ECF No. 9. Plaintiff timely objected to the Report. ECF No. 10. Those objections are now under consideration, along with a motion to amend filed by Plaintiff over one month after Judge Morris issued her Report.

**I.**

Plaintiff's first objection to the Report claims that the Report improperly concluded that a state matter on appeal has preclusive res judicata effect. This argument has two problems. First,

Plaintiff admits that he did not contest this issue in front of Judge Morris and that he is raising it for the first time in his objections. For that reason, his objection will be overruled. Second, even if the substance of his objection was considered, it is meritless. Plaintiff cites to no law in support of his position, likely because the law is contrary. *See, e.g.*, *Ethridge v. Countrywide Home Loan*, No. 13-13314, 2013 WL 6241723, at *3 (E.D. Mich. Dec. 3, 2013) ("It is of no consequence that there is a pending appeal in the prior case. '[I]t is well established that a final trial court judgment operates as res judicata while an appeal is pending.'" (quoting *Commodities Exp. Co. v. U.S. Customs Serv.*, 957 F.2d 223, 228 (6th Cir. 1992))).

All of Plaintiff's remaining objections address portions of the Report that had no bearing on Judge Morris's conclusion that res judicata bars Plaintiff's complaint. Thus, even if resolved in Plaintiff's favor, those objections would not affect the disposition of this case. Those objections will be overruled.

## II.

On May 9, 2016, over one month after Judge Morris issued her Report, Plaintiff moved to amend his complaint to add a new defendant and a new theory of recovery. Plaintiff seeks to add as a defendant Debra Leslie Phillips, the purchaser of Plaintiff's residence. He also seeks to add a claim for Claim and Delivery against Ms. Phillips. Plaintiff's motion will be denied for a number of reasons.

First, Plaintiff does not attach a copy of his proposed amended complaint, as required by the Local Rules. See E.D. Mich. LR 15.1.

Second, Plaintiff does not provide any justification for why he should be permitted leave to amend other than a bare citation to Federal Rule of Civil Procedure 15(a). Plaintiff does not provide the Court any basis for assessing his motion or any reason for why it should be granted.

Finally, Plaintiff's delay in seeking to amend warrants denial of his motion. Under Rule 15, a court should "freely give leave" to amend "when justice so requires." FED. R. CIV. P. 15(a)(2). "Undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment are all factors which may affect the decision." *Hageman v. Signal L.P. Gas, Inc.*, 486 F.2d 479, 484 (6th Cir. 1973). "Decisions as to when justice requires amendment are left to the sound discretion of the trial judge[.]" *Robinson v. Michigan Consol. Gas Co. Inc.*, 918 F.2d 579, 591 (6th Cir. 1990).

Here, Plaintiff seeks to add a party and claims against that party relating to the party's purchase of his residence on November 30, 2012. Plaintiff offers no explanation for why he now seeks to incorporate these facts and allegations into his complaint. Further, Plaintiff waited until over one month after Judge Morris recommended dismissing his complaint and over five months after Defendant moved to dismiss his complaint before he sought leave to amend. Such undue delay weighs against permitting amendment. Plaintiff's motion will be denied.

**III.**

Accordingly, it is **ORDERED** that Plaintiffs' objections, ECF No. 10, are **OVERRULED**.

It is further **ORDERED** that the Report and Recommendation, ECF No. 9, is **ADOPTED**.

It is further **ORDERED** that Defendant Bank of New York Mellon's Motion to Dismiss, ECF No. 2, is **GRANTED**.

It is further **ORDERED** that Plaintiff Louis Telerico's Motion to Amend, ECF No. 12, is **DENIED**.

- 3 -

It is further **ORDERED** that Plaintiff Louis Telerico's Complaint, ECF No. 1, is

**DISMISSED with prejudice**.

Dated: August 1, 2016                                   s/Thomas L. Ludington
                                                        THOMAS L. LUDINGTON
                                                        United States District Judge

---

### PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on August 1, 2016.

                                   s/Michael A. Sian
                                   MICHAEL A. SIAN, Case Manager

---